UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeromy Oelker,<br><br>                Plaintiff,<br><br>v.<br><br>State of Idaho, et al.,<br><br>                Defendants. | Case No. 2:24-cv-01291-CDS-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

*Pro se* plaintiff Jeromy Oelker submitted initiating documents to the Court which include an application to proceed *in forma pauperis* and a civil rights complaint.[1] (ECF Nos. 1, 1-1). Because Plaintiff's application is complete, the Court grants it and screens Plaintiff's complaint. Because Plaintiff attempts to sue immune defendants,[2] the Court recommends dismissing Plaintiff's complaint without leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee).  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now screen Plaintiff's complaint.

---

[1] Plaintiff also submitted two habeas corpus petitions with his complaint.  (ECF Nos. 1-2, 1-3). However, the Court construes Plaintiff's action as a civil rights action because Plaintiff primarily uses the form for a *pro se* complaint for violation of civil rights.  (ECF No. 1-1).

[2] Plaintiff's claims are also likely barred by the Supreme Court's decision in *Heck v. Humphrey* because Plaintiff's claims necessarily imply the invalidity of his Idaho conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  However, because the Court finds that Plaintiff attempts to sue immune defendants, the Court issues its recommendation on this narrow ground and does not reach *Heck*.

## II. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.  Screening Plaintiff's complaint.

Plaintiff sues his public defender Brennan Wright, the State of Idaho, and Federal District Judge David C. Nye for damages, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In May 2020, Plaintiff was arrested in Lewis County Idaho and cited for one count of misdemeanor domestic battery and one count of resisting and obstructing officers. (ECF No. 1-4 at 2, 35). Plaintiff's claims arise out of the criminal proceedings in Lewis County state court following those charges.

Plaintiff's allegations are largely conclusory and lack factual detail. He challenges what he refers to as a "void order" imposed by the Lewis County state court, asserting that he was arraigned without a criminal information. (*Id.* at 2-3, 5). He alleges that he was extorted to pay bail without any due process rights and that the probable cause affidavit—which Plaintiff claims lacked a clerk stamp and insufficiently explained the circumstances underlying his charges—is invalid in violation of Idaho criminal statutes and the United States Constitution. (*Id.* at 2-3, 13-14). Plaintiff claims he did not see a complaint underlying the criminal proceedings and that, if the prosecutor had probable cause, the prosecutor would have filed one. (*Id.* at 10). Plaintiff

argues that these statutory and due process violations voided the state court's jurisdiction—and its judgment against Plaintiff—under Federal Rule of Civil Procedure 60(b)(4). (*Id.* at 2, 5, 14).

Plaintiff alleges that Wright and Judge Nye are part of a larger conspiracy to unlawfully restrain Plaintiff's liberty and property. (*Id.* at 17, 22). Plaintiff asserts that Wright ineffectively represented Plaintiff during his criminal proceedings because Wright did not object to the issues underlying the information and complaint. (*Id.* at 15-16). He also claims that Wright "refused to support the Idaho legislature or the U.S. Constitution."[3] (*Id*). Plaintiff alleges that Wright acted in bad faith and violated his oath[4] to the United States Constitution and Idaho State Legislature by failing to object when the state court exceeded its jurisdiction. (*Id.* at 15, 16-17).

Plaintiff alleges that Judge Nye unlawfully denied Plaintiff's attempt to remove his criminal action from state court to federal court in July of 2020. (*Id.* at 22). He adds that Judge Nye also deprived him of his right to an evidentiary hearing under 28 U.S.C. § 1455(b)(5).[5] (*Id.*). Plaintiff also asserts that Judge Nye violated his ethical canons. (*Id.* at 4). Plaintiff asserts that his claims arise under various legal structures including multiple Constitutional Amendments, the Bill of Rights, 42 U.S.C. § 1985, and the *habeas corpus* statute, amongst others.

---

[3] Plaintiff also alleges that he hired Paul Thomas Clark of Lewiston Idaho, who "tried to swindle [him] into a trial without any Due Process or any Criminal Information (complaint)." (ECF No. 1-4 at 16). But Plaintiff does not otherwise list Clark as a defendant.

[4] There is no private right of action for a plaintiff to enforce alleged violations of the oath of office. *See Eleson v. Lizarraga*, No. 2:19-cv-0112 KJN P, 2019 WL 4166799, at *5 (E.D. Cal. Sept. 3, 2019) (stating that "numerous courts in other jurisdictions have found that there is no private right of action against an office holder for an alleged violation of an oath of office.").

[5] Earlier in his complaint, Plaintiff alleges "28 U.S.C. 2255(b) mandates an Evidentiary hearing if Property and Liberty interest is conferred. Judge Nye did not hold a hearing in violation of well 'Established Law' and his Ethical Canons." (ECF No. 1-1 at 4). It unclear whether Plaintiff is asserting that Judge Nye deprived him of a hearing under 28 U.S.C. § 2255(b) or whether Plaintiff would like this Court to provide him with a hearing. However, to the extent Plaintiff alleges that Judge Nye failed to provide him with a hearing under 28 U.S.C. § 2255, as discussed below, that allegation is barred by the doctrine of judicial immunity.

### A. *Defendants are each immune from suit.*

#### 1. <u>Public Defender Wright.</u>

Wright is immune from Plaintiff's claims because Wright is not a state actor. Plaintiff's claims against Wright appear to arise under 42 U.S.C. § 1983 because Plaintiff alleges that Wright violated Plaintiff's Constitutional rights. To state a claim under § 1983, a plaintiff must allege the violation of a federally-protected right by a person acting under the color of state law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

But public defenders—when acting in their role as advocate for a defendant in a criminal case—are not state actors for § 1983 purposes. *See Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Public defenders do not act under color of state law because "a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. Held to the same standards of competence and integrity as a private lawyer, a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (internal citation omitted).

Here, Plaintiff's allegations against Wright describe Wright acting in his role as an advocate for Plaintiff. So, Wright was not working under color of state law for the purposes of a § 1983 claim. Plaintiff's claims against Wright brought under § 1983, fail as a matter of law.

#### 2. <u>Judge Nye.</u>

Judge Nye is immune from Plaintiff's claims because Plaintiff's allegations describe Judge Nye taking purely judicial actions. "Absolute immunity is generally accorded to judges ... functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id*. (internal quotations omitted). Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009) (citing *Stump v.*

*Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial ..., courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id*. at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Plaintiff's complaint, the Court finds that the claims against Judge Nye are barred by judicial immunity. Judge Nye's alleged actions constitute judicial acts. They were part of his normal functions as a federal judge, the events related to a case pending before him, and he took those actions in his official capacity. Plaintiff does not allege facts indicating that Judge Nye's actions were not judicial acts or that they acted in clear absence of all jurisdiction. Although Plaintiff provides extensive analysis explaining why—according to him—the Lewis County state court had no jurisdiction over his criminal matter, he does not extend this argument to any of Judge Nye's actions. Because it does not appear that additional factual allegations would overcome immunity, the Court recommends that Plaintiff's claims against Judge Nye be dismissed without leave to amend.

          3.     <u>State of Idaho.</u>

Even if Plaintiff stated a discernable claim against the State of Idaho, his claim would still fail because "[t]he Eleventh Amendment prohibits lawsuits against a state or its agencies in federal court unless the state consents to waiver of its immunity." *Halverson v. Nevada Commission on Judicial Discipline*, No. 2:08-cv-1006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment applies to all federal claims, as well as to state law claims brought into federal court under supplemental jurisdiction. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). "In the absence of an unequivocal expression of consent, a suit in which the state or one of its agencies or departments is named as a defendant is barred by the [E]leventh [A]mendment" *Milbouer v. Keppler*, 644 F. Supp. 201, 206 (D. Idaho 1986).

In Idaho, § 1983 does not constitute a waiver of state sovereign immunity, and Idaho itself has not waived its sovereign immunity for constitutional claims. *See Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because § 1983 does not constitute a waiver of sovereign immunity, Plaintiff's claim does not override the State of Idaho's Eleventh Amendment immunity. As a result, the Court recommends that Plaintiff's claims against the State of Idaho be dismissed without leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1, 1-2, 1-3, 1-4) be **dismissed without leave to amend.** The Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has

been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE